UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
WESTERN DIV

07 CR 50072
Judge Kapala
Magistrate Judge Mahoney

UNITED STATES OF AMERICA )
)
v. )   No. _____
)
)   Violations:  Title 18, United States
MITCHEL A. FUCHS, )   Code, Sections 1341 & 1343
   also known as "Mike Fox," )
FRANK G. ANAST, and )
JESSICA L. GIBSON )

**COUNT ONE**



The DECEMBER 2006 GRAND JURY charges:

1.    At times material to this indictment:

   a.    Mortgage Solutions was a mortgage brokerage company located at 2222 East State Street in Rockford, Illinois.  The business of Mortgage Solutions was to earn fees by assisting its customers in obtaining mortgage-backed loans from commercial lenders.

   b.    Leader Mortgage Company was a mortgage brokerage company located at 1437 Myott Avenue in Rockford, Illinois.  The business of Leader Mortgage was to earn fees by assisting its customers in obtaining mortgage-backed loans from commercial lenders.

   c.    From approximately 2000, through approximately August of 2004, defendant MITCHEL A. FUCHS, also known as "Mike Fox," was employed by Mortgage Solutions as a loan officer.  From approximately August of 2004, through at least October of 2005, defendant FUCHS was employed by Leader Mortgage as a loan officer.

   d.    Within Mortgage Solutions, defendant FUCHS operated his own separate office, which was sometimes referred to as the "Mike Fox Division."

e. From approximately February of 2004, through approximately August of 2004, defendant JESSICA L. GIBSON was employed by defendant FUCHS as a loan processor at the "Mike Fox Division" of Mortgage Solutions.

f. Defendant FRANK G. ANAST was self-employed doing computer work.

g. Commercial lenders, including Argent Mortgage Company, CreveCor Mortgage, Inc., GN Mortgage, LLC, NovaStar Mortgage, Inc., RBMG, Inc., and USA Funding, Inc., typically required documentation to verify the amount of the borrowers' income. Often, commercial lenders required that borrowers provide copies of recent pay stubs and IRS Forms W-2. In addition, commercial lenders often requested that the borrowers' employers complete and submit "Verification of Employment" forms verifying the borrowers' current wages and wages in the preceding two years.

h. Commercial lenders typically reviewed borrowers' credit scores in determining whether to loan funds to the borrowers.

i. Commercial lenders usually loaned less than 100% of the purchase price to the borrowers. As a result, commercial lenders often required that borrowers provide, from their own funds, a certain percentage of the money needed for the closings on the properties that the borrowers were purchasing.

j. On occasion, if the borrowers did not have the funds to pay the difference between the sales price and the amount loaned by the lender, sellers agreed to loan the remainder to the borrowers and take second mortgages against the properties.

2

2.      From at least as early as 2002, and continuing to at least October 11, 2005, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

MITCHEL A. FUCHS, also known as "Mike Fox,"
FRANK G. ANAST, and
JESSICA L. GIBSON,

defendants herein, knowingly devised and engaged in a scheme with other individuals to defraud commercial lenders, including Argent Mortgage Company, CreveCor Mortgage, Inc., GN Mortgage, LLC, NovaStar Mortgage, Inc., RBMG, Inc., and USA Funding, Inc., and to obtain money, funds, credit, and property belonging to commercial lenders by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.      It was an object of this scheme that defendant FUCHS would enrich himself through commissions earned on loans for the purchase or re-financing of properties located in Rockford, Illinois, and elsewhere, by causing unqualified loan applicants to receive loans, thereby placing the commercial lenders at risk of losing hundreds of thousands of dollars.

4.      It was further an object of the scheme that defendants ANAST and GIBSON would receive financial rewards for assisting defendant FUCHS with the fraud.

5.      It was a part of the scheme that defendant FUCHS caused a Rockford-area real estate agent to prepare fraudulent "Verification of Employment" forms, false pay stubs and false IRS Forms W-2, all of which falsely represented that Mortgage Solutions' loan customers were employed at certain businesses, including businesses that the real estate agent and his family members owned or were connected with.

6.      It was further a part of the scheme that defendant FUCHS paid defendant ANAST to prepare false pay stubs and false IRS Forms W-2, which forms falsely represented that Mortgage

3

Solutions' loan customers were employed at certain businesses, including Midwest Computer Systems, a defunct business formerly owned and operated by ANAST.

7. It was further a part of the scheme that defendant FUCHS caused the defendant GIBSON and other employees of the "Mike Fox Division" to prepare fraudulent "Verification of Employment" forms which falsely represented that Mortgage Solutions' loan customers were employed at certain businesses and were earning certain amounts of income.

8. It was further a part of the scheme that defendant FUCHS caused defendant GIBSON and other employees of the "Mike Fox Division" to fraudulently alter pay stubs and IRS Forms W-2 by falsely increasing the amount of income shown for Mortgage Solutions' loan customers.

9. It was further a part of the scheme that, in order to prevent the commercial lenders from discovering that the fraudulent Verification of Employment forms, false pay stubs, and false IRS Forms W-2, defendant FUCHS often caused his telephone number, or the telephone numbers of other employees of the "Mike Fox Division," to be listed as the contact number for the loan customers' employers.

10. It was further a part of the scheme that defendant FUCHS caused the employees of the "Mike Fox Division" to prepare fraudulent loan application forms which falsely represented that loan customers were employed at certain businesses and were earning certain amounts of income.

11. It was further a part of the scheme that defendant FUCHS caused defendant GIBSON and other employees of the "Mike Fox Division" to fraudulently alter credit reports for loan customers.

4

12.     It was further a part of the scheme that defendant FUCHS caused the employees of
the "Mike Fox Division" to fraudulently alter certain credit documents by eliminating "late
payments" by loan customers.

13.     It was further a part of the scheme that defendant FUCHS caused cashier's checks and
official bank checks to be fraudulently altered in order to falsely show that loan customers had
invested their own funds in the properties they were purchasing.

14.     It was further a part of the scheme that defendant FUCHS, defendant GIBSON, and
other employees of the "Mike Fox Division" caused fraudulent investment statements to be prepared
in order to falsely show that loan customers had sufficient funds available to close on the loans they
were seeking.

15.     It was further a part of the scheme that defendant FUCHS deceived commercial
lenders into believing that the sellers of the properties were loaning a percentage of the purchase
price to FUCHS' loan customers and taking second mortgages against the properties.

16.     It was further a part of the scheme that defendant FUCHS caused the employees of
the "Mike Fox Division" to forge and "cut and paste" signatures onto false or fraudulently altered
documents.

17.     It was further a part of the scheme that defendant FUCHS, defendant GIBSON, and
other employees of the "Mike Fox Division" caused the false and fraudulently altered documents to
be submitted to the commercial lenders in support of customers' loan applications.

18.     It was further a part of the scheme that defendants caused the commercial lenders to
loan monies to Mortgage Solutions' loan customers and to send those funds via interstate wire
communications.

5

19. It was further a part of the scheme that defendants caused documents relating to the scheme to be sent by commercial interstate carriers.

20. It was further a part of the scheme that the defendants attempted to conceal their fraudulent activities from the commercial lenders and from law enforcement officials.

21. It was further a part of the scheme that defendants caused the fraudulent documents, including the false pay stubs, false IRS Forms W-2, false "Verification of Employment" forms, false loan applications, false credit reports, false mortgage payment history information, false gift letters, false cashier's checks and official bank checks, and false information regarding seller loans to borrowers, to be sent to the commercial lenders in support of customers' loan applications.

22. It was further a part of the scheme that defendants FUCHS and ANAST caused false documents to be sent to USA Funding, Inc., in support of a loan application for an individual referred to herein as "Buyer A," including: (1) a loan application which stated that "Buyer A" had been employed by a business referred to herein as "Company A" for 4.5 years; (2) a 2001 W-2 for "Buyer A" from "Company A"; (3) copies of "Buyer A's" purported pay stubs from "Company A"; and (4) a Verification of Employment form, purportedly signed by the owner of "Company A," which stated that "Buyer A" had earned $31,280 in 2001 and $29,440 through Nov. of 2002.

6

23.     On or about December 20, 2002, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox," and
FRANK G. ANAST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from Michigan City, Indiana, to Rockford, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $111,939.20 for a loan to "Buyer A," who was purchasing a property located on Cheney Drive in South Beloit, Illinois, which funds were deposited into Rock River Title Company/Chicago Title Agency of Rockford's account at Amcore Bank in Rockford, Illinois;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT TWO

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     It was further a part of the scheme that defendant FUCHS caused false documents to be sent to USA Funding, Inc., in support of a loan application for an individual referred to herein as "Buyer B," including: (1) a "Verification of Employment" from a business referred to herein as "Company B" which stated that "Buyer B" was employed as the "Shipping Manager" of "Company B" and had earned $39,300 to date in 2002, $35,661 in 2001, and $1,985 in 2000; (2) pay stubs for "Buyer B" from "Company B"; and (3) a 2001 W-2 for "Buyer B" from "Company B."

3.     On or about January 21, 2003, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox,"

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from Michigan City, Indiana, to Rockford, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $80,373.96 for a loan to "Buyer B," who was purchasing a property located on Pennsylvania Avenue in Loves Park, Illinois, which funds were deposited into Security Title, Inc.'s account at Amcore Bank in Rockford, Illinois;

In violation of Title 18, United States Code, Section 1343.

8

## COUNT THREE

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.      It was further a part of the scheme that defendant FUCHS caused false documents to be sent to Argent Mortgage Company, in support of a loan application for an individual referred to herein as "Buyer C," including: (1) a copy of Midwest Bank cashier's check number 4686456562, in the amount of $4,000, which listed the remitter as "Buyer C" and the payee as the seller of the property; (2) a Verification of Employment form from "Company B" which stated that "Buyer C" was employed in "shipping" at "Company B," and had earned $12,078 through December 2003, $11,124 in 2002, and $2,831 in 2001; (3) pay stubs for "Buyer C" from "Company B"; and (4) 2001 and 2002 W-2s for "Buyer C" from "Company B."

3.      On or about January 21, 2004, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox,"

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Freeport, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $77,195.78 for a loan to "Buyer C," who was purchasing a property located on Jackson Street in Rockford, Illinois, which funds were deposited into Security First Title Company's account at Midwest Community Bank in Freeport, Illinois;

In violation of Title 18, United States Code, Section 1343.

9

## **COUNT FOUR**

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     It was further a part of the scheme that defendant FUCHS caused false documents to be sent to Argent Mortgage Company, in support of a loan application for an individual referred to herein as "Buyer D," including: (1) a copy of Midwest Bank cashier's check number 468645657, in the amount of $4,000, which listed the remitter as "Buyer D" and the payee as the seller of the property; (2) a Verification of Employment form from a business referred to herein as "Company C," which stated that "Buyer D" was employed in "Telemarketing Sales" at "Company C," and had earned $6,676 at "Company C" through December 2003, $6,152 in 2002, and $861 in 2001; (3) pay stubs for "Buyer D" from "Company C"; and (4) 2001 and 2002 W-2s for "Buyer D" from "Company C."

3.     On or about February 10, 2004, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox,"

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Freeport, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $67,806.90 for a loan to "Buyer D," who was purchasing a property located on Grant Avenue in Rockford, Illinois, which funds were deposited into Security First Title Company's account at Midwest Community Bank in Freeport, Illinois;

In violation of Title 18, United States Code, Section 1343.

10

## COUNT FIVE

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     It was further a part of the scheme that defendant FUCHS caused false documents to be sent to Argent Mortgage Company, in support of a loan application for an individual referred to herein as "Buyer E," including: a copy of Midwest Bank cashier's check number 4676011757, in the amount of $3,000, which listed the remitter as "Buyer E" and the payee as the seller of the property.

3.     On or about February 17, 2004, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox,"

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Freeport, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $51,589.71 for a loan to "Buyer E," who was purchasing a home located on Alida Street in Rockford, Illinois, which funds were deposited into Security First Title Company's account at Midwest Community Bank in Freeport, Illinois;

In violation of Title 18, United States Code, Section 1343.

11

## COUNT SIX

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     It was further a part of the scheme that defendants FUCHS, ANAST, and GIBSON caused false documents to be sent to RBMG, Inc., in support of a loan application for an individual referred to herein as "Buyer F," including: (1) a "Verbal Verification of Employment" form which stated that "Buyer F" was employed at Midwest Computer Systems, a defunct business formerly owned by defendant ANAST; and (2) a pay stub for "Buyer F" from Midwest Computer Systems for the pay period of 3-1-04 thru 3-15-04.

3.     On or about March 19, 2004, in the Northern District of Illinois, Western Division,

> MITCHEL A. FUCHS, also known as "Mike Fox,"
> FRANK G. ANAST, and
> JESSICA L. GIBSON,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from Georgia, to Rockford, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $162,347.99 for a loan to "Buyer F," who was purchasing a property located on Bridgewater Drive in Belvidere, Illinois, which funds were deposited into Rockford Title Company 's account at Alpine Bank in Rockford, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    It was further a part of the scheme that defendants FUCHS and ANAST caused false documents to be sent to GN Mortgage, LLC, in support of a loan application for an individual referred to herein as "Buyer G," including: (1) a Verification of Employment form which stated that "Buyer G" was employed at a business referred to herein as "Company D," and had earned $7,175.92 from "Company D" through 3/13/04; and (2) a pay stub for "Buyer G" from "Company D," which purportedly covered the pay period ending March 6, 2004.

3.    On or about April 15, 2004, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox," and
FRANK G. ANAST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from Milwaukee, Wisconsin, to Rockford, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $105,776.43 for a loan to "Buyer G," who was purchasing a property located on Shaw Street in Rockford, which funds were deposited into Rock River Title Company/Chicago Title Agency of Rockford's account at Amcore Bank in Rockford, Illinois;

In violation of Title 18, United States Code, Section 1343.

13

## COUNT EIGHT

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    It was further a part of the scheme that defendants FUCHS and ANAST caused false documents to be sent to Argent Mortgage Company in support of a loan application for an individual referred to herein as "Buyer H," including: (1) a Verification of Employment form which stated that "Buyer H" earned $28,080 in 2003 from a business referred to herein as "Company E"; (2) a pay stub for "Buyer H" from "Company E" which listed "Buyer H's" hourly wage as $14.50 per hour; and (3) a 2003 W-2 which stated that "Buyer H" earned $28,080 from "Company E" in 2003.

3.    On or about April 26, 2004, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox," and
FRANK G. ANAST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Roscoe, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $71,546.90 for a loan to "Buyer H," who was re-financing a property located on Marie Avenue in Machesney Park, Illinois which funds were deposited into A Title Escrow Company's account at Gateway Community Bank in Roscoe, Illinois;

In violation of Title 18, United States Code, Section 1343.

14

## COUNT NINE

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     It was further a part of the scheme that defendants FUCHS, ANAST, and GIBSON caused false documents to be sent to NovaStar Mortgage, Inc., in support of a loan application for an individual referred to herein as "Buyer I," including: (1) a Verification of Employment form which stated that "Buyer I" was working at Midwest Computer Systems through May 5, 2004; (2) pay stubs for "Buyer I" from Midwest Computer Systems; and (3) 2002 & 2003 W-2s for "Buyer I" from Midwest Computer Systems.

3.     On or about June 14, 2004, in the Northern District of Illinois, Western Division,

> MITCHEL A. FUCHS, also known as "Mike Fox,"
> FRANK G. ANAST, and
> JESSICA L. GIBSON,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Roscoe, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $108,828.07 for a loan to "Buyer I," who was re-financing a property located on Jenkins Drive in South Beloit, Illinois, which funds were deposited into A Title Escrow Company's account at Gateway Community Bank in Roscoe, Illinois;

In violation of Title 18, United States Code, Section 1343.

15

## COUNT TEN

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     On or about June 21, 2004, in the Northern District of Illinois,

MITCHEL A. FUCHS, also known as "Mike Fox,"
FRANK G. ANAST, and
JESSICA L. GIBSON,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be deposited for delivery by commercial interstate carrier, according to the direction thereon, a package containing a loan application which falsely represented that "Buyer J," who was purchasing a property located on Highway V in DeForest, Wisconsin, was employed at a business referred to herein as "Company F," that package being addressed to:

GN Mortgage, LLC
10 North Roselle Road
Roselle, Illinois 60172;

In violation of Title 18, United States Code, Section 1341.

16

## COUNT ELEVEN

The DECEMBER 2006 GRAND JURY further charges:

1.      Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.      It was further a part of the scheme that defendants FUCHS and ANAST caused false documents to be sent to CreveCor Mortgage, Inc., in support of a loan application for an individual referred to herein as "Buyer K," including: a 2003 W-2 for "Buyer K" from a business referred to herein as "Company G" which stated that "Buyer K" earned $18,200 from "Company G" in 2003.

3.      On or about June 23, 2004, in the Northern District of Illinois, Western Division,

> MITCHEL A. FUCHS, also known as "Mike Fox," and
> FRANK G. ANAST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from San Francisco, California, to Rockford, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $71,497.48 for a loan to an individual referred to herein as "Buyer K," who was purchasing a property located on Fitch Road in Rockford, Illinois, which funds were deposited into Rock River Title/Chicago Title Agency of Rockford's account at Amcore Bank in Rockford, Illinois;

In violation of Title 18, United States Code, Section 1343.

17

## COUNT TWELVE

The DECEMBER 2006 GRAND JURY further charges:

1.  Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.  It was further a part of the scheme that defendants FUCHS, ANAST, and GIBSON caused false documents to be sent to NovaStar Mortgage, Inc., in support of a loan application for an individual referred to herein as "Buyer L," including: (1) a copy of National City Bank official check number 564567859, in the amount of $7,000, which listed the remitter as "Buyer L" and the payee as the seller of the property; (2) pay stubs for "Buyer L" from a business referred to herein as "Company H"; (3) a 2003 W-2 for "Buyer L" from "Company H" which stated that "Buyer L" earned $19,760 from the "Company H" in 2003; (4) a "Gift Letter" which stated that "Buyer L's" mother gave $7,000 to "Buyer L" for purchase of 2107 Charles Street; and (5) an assets/performance analysis statement for "Buyer L" from a national investment brokerage firm.

3.  On or about June 29, 2004, in the Northern District of Illinois, Western Division,

> MITCHEL A. FUCHS, also known as "Mike Fox,"
> FRANK G. ANAST, and
> JESSICA L. GIBSON,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Rockford, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $62,367.46 for a loan to "Buyer L," who was purchasing a property located on Charles Street in Rockford, Illinois, which funds were deposited into Guaranty Title& Escrow, LLC's account at Amcore Bank in Rockford, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT THIRTEEN

The DECEMBER 2006 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.     It was further a part of the scheme that defendants FUCHS, ANAST, and GIBSON caused false documents to be sent to NovaStar Mortgage, Inc., in support of a loan application for an individual referred to herein as "Buyer M," including: (1) a Verification of Employment form which stated that "Buyer M" was working at Midwest Computer Systems; (2) a 2003 W-2 for "Buyer M" from Midwest Computer Systems which stated "Buyer M" earned $50,000 from Midwest Computer Systems in 2003; and (3) pay stubs for "Buyer M" from Midwest Computer Systems.

3.     On or about July 14, 2004, in the Northern District of Illinois, Western Division,

> MITCHEL A. FUCHS, also known as "Mike Fox,"
> FRANK G. ANAST, and
> JESSICA L. GIBSON,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from New York, New York, to Roscoe, in the Northern District of Illinois, Western Division, certain signals, namely a bank transfer in the amount of $104,569.07 for a loan to "Buyer M," who was refinancing a property located on Monroe Street in Monroe Center, Illinois, which funds were deposited into A Title Company's account at Gateway Community Bank in Roscoe, Illinois;

In violation of Title 18, United States Code, Section 1343.

19

## COUNT FOURTEEN

The DECEMBER 2006 GRAND JURY further charges:

1.    Paragraphs 1 through 21 of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    On or about October 11, 2005, in the Northern District of Illinois, Western Division,

MITCHEL A. FUCHS, also known as "Mike Fox,"

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce from Rockford, in the Northern District of Illinois, Western Division, to M & I Bank, in Wisconsin, certain signals, namely a facsimile of a letter, purportedly written by an accountant, which falsely stated that an individual referred to herein as "Buyer N," who was attempting to re-finance his loan on a property located on Orchard Court, in Long Grove, Illinois, was self-employed;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

20

No.: 07 CR 50072

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

UNITED STATES OF AMERICA

vs.

MITCHEL A. FUCHS, a/k/a "Mike Fox", FRANK G. ANAST, and JESSICA L. GIBSON

**INDICTMENT**

Violation(s):  Title 18, United States Code, Sections 1341 and 1343

A true bill,

_____
Foreman

Filed in open court this _____ day of _____, A.D. 20 ___

_____
Clerk

Bail $ _____



F I L E D

DEC 1 _ 2007

Magistrate Judge P. Michael McKinney
U.S. DISTRICT COURT